914 F.2d 260
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Aaron LIFCHEZ, et al., Plaintiffs,
v.
Neil F. HARTIGAN and Cecil Partee, Defendants.
 No. 90-2208.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 14, 1990.
Decided Sept. 10, 1990.
 
 Before COFFEY, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 The district judge enjoined the operation of Ill.Rev.Stat. ch. 38 p 81-26 Sec. 6(7) on the ground that it is unconstitutionally vague. Neil F. Hartigan, the Attorney General of Illinois, and Cecil Partee, the State's Attorney of Cook County, the defendants, decided not to take an appeal. Four days before the expiration of the period within which to appeal, Andrew D. Scholberg attempted to intervene for the purpose of taking an appeal. The district judge denied the petition for intervention, and Scholberg has appealed.
 
 
 2
 The original plaintiffs ask us to dismiss the appeal on the ground that Scholberg lacks standing. Although this is one of the two grounds on which the district judge denied the motion to intervene (the other is that Scholberg could not establish that the Attorney General and State's Attorney are inadequate representatives of the state's interests), it is not an obstacle to appellate jurisdiction. Whether Scholberg is a proper party is a subject that he is entitled to litigate. If he is not, the appropriate disposition is an order affirming the decision refusing to allow Scholberg to intervene.
 
 
 3
 Although the plaintiffs do not expressly ask for summary affirmance, their motion and Scholberg's response present all of the arguments necessary to decision on that question, and it is appropriate to stop this case short of full briefs. As Diamond v. Charles, 476 U.S. 54 (1986), a closely analogous case, holds, the defense of Illinois statutes is entrusted to the State's Attorneys and Attorney General of Illinois. Citizens of Illinois disappointed by public officials' litigation decision have their say at the ballot box; they may not act as if they were the Attorney General or State's Attorney.
 
 
 4
 The district judge was correct to hold that Scholberg lacks standing, whether in his own name or as next friend of his unborn child. Scholberg is not a subject of this law. His interest, such as it is, lies in inducing the Attorney General and State's Attorney to bring prosecutions to enforce the law. For many years it has been understood that private citizens lack standing to compel enforcement of the criminal law. Linda R.S. v. Richard D., 410 U.S. 614 (1973); Leeke v. Timmerman, 454 U.S. 83 (1981); Allen v. Wright, 468 U.S. 737 (1984).
 
 
 5
 AFFIRMED.